UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CENTER FOR ENVIRONMENTAL SCIENCE, ACCURACY & RELIABILITY**, a California public interest organization,<br><br>     **Plaintiff,**<br><br>     **v.**<br><br>**MARK W. COWIN**, in his official capacity as Director of **CALIFORNIA DEPARTMENT OF WATER RESOURCES**, *et al.*,<br><br>     **Defendants.** | **CASE NO: 1:15-CV-01852-LJO-BAM**<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION (DOC. 33)** |

    The operative Complaint in this case, filed November 19, 2015 by the Center for Environmental Science, Accuracy & Reliability ("CESAR" or "Plaintiff"), sought declaratory and injunctive relief against construction and operation of an Emergency Drought Salinity Barrier at West False River ("Salinity Barrier" or "the Project"[1]) by the California Department of Water Resources ("DWR" or "Defendant"). Doc. 1. The Complaint also sought to require the U.S. Fish and Wildlife Service ("FWS") to "reinitiate consultation of the 2008 Biological Opinion on the Coordinated Operations of the Central Valley Project [] and State Water Project [] . . . due to changed circumstances, to wit, the construction

---

[1] The parties sometimes refer to the Salinity Barrier as "the Project."

and operation of the Project by [DWR]." *Id*. at ¶ 2. Plaintiff claimed that the Salinity Barrier was installed and operated without following procedures necessary to prevent "take" under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq.*, of the ESA-listed delta smelt. *See id*. ¶¶ 46-72. It is undisputed that DWR installed the Salinity Barrier in May 2015 and completely removed it as of November 15, 2015. *Id*. at ¶¶ 12, 14, 34.

On January 29, 2016, DWR moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Doc. 10. On March 4, 2016, the Court denied DWR's motion on certain grounds, finding the case to be technically moot, and requesting supplemental briefing on the issue of whether any exception to the mootness doctrine applies. Doc. 22 ("March 4, 2016 Order"). Plaintiff relied on the exception to mootness for "wrongs capable of repetition yet evading review," arguing that there is a "reasonable expectation" that the "drought barriers" will be reconstructed. *See* Doc. 12 at 3. This exception "permit[s] suits for prospective relief to go forward despite abatement of the underlying injury [in] exceptional situations where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Fed. Elec. Com'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (internal citations, quotations, and footnote omitted).

As explained in the March 4, 2016 Order, the first factor relevant to that exception—whether the duration of the challenged action is too short to allow for complete litigation—was satisfied:

> The challenged action lasted from May through November 2015. While it may have been possible to file and resolve a motion for emergency injunctive relief during that timeframe, it is not possible to <u>fully</u> litigate an ESA challenge in such a short period of time. *See Meyer v. Grant*, 486 U.S. 414, 417 (1988) (where state law permitted only six months to obtain necessary signatures to place an initiative on the ballot, challenge to other aspects of the state's initiative procedure could not be litigated fully before time period expired); *see also Alcoa, Inc. v. Bonneville Power Admin*., 698 F.3d 774, 787 (9th Cir. 2012) (suggesting processes lasting from between 12 and 17 months are likely to "evade review" before completion).

Doc. 22 at 11 (footnote omitted).

As to the second factor—whether there is a reasonable expectation that the same complaining party would be subjected to the same action again—the Court emphasized that Plaintiff's chief complaint in this case was that the approval process for the installation of the Salinity Barrier in 2015 utilized the ESA's emergency consultation procedures, rather than the standard ESA Section 7 consultation process. Doc. 31 at 5. In its supplemental filings, DWR stated that it "anticipates invoking the standard [ESA] Section 7 consultation process for the programmatic permit." *Id*. In a supplemental Memorandum Decision and Order issued March 31, 2016 ("March 31, 2016 Order"), the Court concluded that Plaintiff's claims were moot because, based on this evidence, emergency consultation procedures will not be utilized in 2016 and that DWR does not intend to use them in 2017 or beyond. *Id*.

Plaintiff now moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Doc. 33. "Although the Federal Rules of Civil Procedure do not specifically allow for a motion for reconsideration, the court treats a motion for reconsideration filed within [28] days of the entry of judgment as one to alter or amend the judgment under [R]ule 59(e)." *Sierra Club v. Tri–State Generation & Transmission Ass'n, Inc*., 173 F.R.D. 275, 287 (D. Colo.1997). Plaintiff's motion for reconsideration was filed on May 5, 2016, more than 28 days after entry of judgment on March 31, 2016, so it is untimely under that Rule. Fed. R. Civ. P. 59(b).

Federal Rule of Civil Procedure 60(c) permits motions for reconsideration within a "reasonable time," but "not more than one year after the judgment, order, or proceeding was entered or taken." *Id*. reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud ... of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Plaintiff first argues that the Court "misapprehen[ded] the law regarding procedural standing under the ESA citizen suit provision." Doc. 33 at 4. Plaintiff argues that it has alleged a "procedural

3

violation" and therefore has standing under the "procedural injury" standing doctrine. *See* Doc. 33 at 4; *Nat. Res. Def. Council v. Jewell*, 749 F.3d 776, 783 (9th Cir. 2014) ("One who challenges the violation of 'a procedural right to protect his concrete interests can asssert that right without meeting all the normal standards' for traceability and redressibility."). Specifically, Plaintiff asserts that it has alleged a "failure by defendants to issue an incidental take permit, a permit which would make an otherwise illegal 'take' – legal" and that this "is a procedural violation." Doc. 33 at 5.

Plaintiff's apparent reference to its ESA § 9 claim confuses the concept of "procedural injury." DWR's installation and operation of the Project without an incidental take permit alleges a substantive harm: take of delta smelt. However, Plaintiff's complaint does appear to include at least one procedural claim: the allegation that FWS failed to reinitiate consultation regarding the impact to delta smelt of coordinated operation of the Central Valley Project ("CVP") and State Water Project ("SWP") in light of DWR's installation and operation of the Project. *See* Doc. 1 ¶¶ 56-62. Assuming, arguendo, that Plaintiff has standing to pursue this claim, such a finding would not overcome the fact that the <u>claim is moot</u>. Any such procedural claim is still grounded in the installation and operation of the Project. The complaint raises no other basis upon which to require re-consultation. Because the Project has been removed, any such claim is moot. Moreover, as discussed in the March 31, 2016 Order, the "capable of repetition but evading review" exception to the mootness doctrine does not apply because the <u>undisputed</u> record demonstrates that if a drought barrier is installed in the future, emergency consultation procedures will not be utilized in 2016 and that DWR does not intend to use them in 2017 or beyond. *Id*. More specifically, DWR "anticipates invoking the standard Section 7 consultation process" for a future programmatic permit related to installation of drought barriers." Declaration of John Leahigh ("Leahigh Decl."), Doc. 25, Ex. A, p. 2. These circumstances moot any procedural claim arising from the failure to consult over the installation of a drought barrier that had been removed by the time this lawsuit was filed.

Plaintiff next argues that the Court misunderstood its complaint as only requesting injunctive

4

relief when it "also clearly asks for the assessment of civil penalties" to remedy "'take' of delta smelt [that] occurred as a result of several procedural and technical failures to observe the requirements of the ESA." Doc. 33 at 5. Plaintiff misunderstands the scope of the ESA's citizen suit provision. The Court only addressed the issue of injunctive relief because <u>that is the only form of relief available to a plaintiff</u>. Plaintiff points to no authority to support the proposition that civil penalties are available under the citizen suit provision – because none exists. Section 11(g)(1) of the ESA authorizes citizen suits "to <u>enjoin</u> any person ... who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof." 16 U.S.C. § 1540(g)(1) (emphasis added). This so-called "citizen suit provision" is just one part of a "broad enforcement scheme of which citizen suits are only one part." *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 502 F. Supp. 2d 103, 112 (D.D.C. 2007) ("*ASPCA v. Ringling*").

> Section 11(a) provides that the Secretary of the Interior may assess civil penalties for violations of "any provision of [the ESA], or any provision of any permit or certificate issued [t]hereunder, or any regulation issued in order to implement" certain subsections of ESA Section 9, including subsections governing takings. 16 U.S.C. § 1540(a). Section 11(b) provides for criminal sanctions for violations of "any provision of [the ESA], or any provision of any permit or certificate issued [t]hereunder, or any regulation issued in order to implement" certain subsections of ESA Section 9, including subsections governing takings. 16 U.S.C. § 1540(b). Finally, Section 11(e) of the Act provides that the provisions of the "Act and any regulations or permits issued pursuant thereto shall be enforced by the Secretary, the Secretary of the Treasury, or the Secretary of the Department in which the Coast Guard is operating, or all such Secretaries." 16 U.S.C. § 1540(e).

*ASPCA v. Ringling*, 502 F. Supp. 2d at 112.

In evaluating ESA Section 11, another district judge of this Court found that the omission from the citizen suit provision of language contained within another subsection is presumed to be intentional and that the scope of the citizen suit provision does not extend to claims brought pursuant to language found elsewhere in Section 11. *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 629 F. Supp. 2d 1123, 1130 (E.D. Cal. 2009) (finding citizen suit provision does not permit suits to enforce the

5

terms and conditions of incidental take permits). Likewise, while Section 11(a) permits the Secretary or the Attorney General of the United States to seek civil penalties for violations of the ESA, the omission of any mention of civil penalties from the citizen suit provision precludes Plaintiff's from bringing any such claim.

Defendant is incorrect that declaratory relief is per se unavailable because the ESA's citizen suit provision only provides for injunctive relief. A "[p]laintiff's right to seek declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, a federal statute, is not foreclosed by the injunctive relief provided by the ESA's citizen-suit provision." *Aransas Project v. Shaw*, 835 F. Supp. 2d 251, 271 (S.D. Tex. 2011). Yet, the theoretical availability of declaratory relief does not change the fact that any claims that might form the basis for declaratory relief are moot for the reasons discussed above. For the same reasons the Court found the "capable of repetition yet evading review" exception does not apply here, this case does not present evidence of a "continuing practice" that could be remedied by declaratory relief. *See Forest Guardians v. Johanns*, 450 F.3d 455, 462 (9th Cir. 2006).

In sum, Plaintiff presents no grounds for reconsideration. This Court did not misunderstand the applicable law or the nature of CESAR's claims. The motion for reconsideration is DENIED.

IT IS SO ORDERED.

   Dated: **June 8, 2016**            /s/ Lawrence J. O'Neill
                                                      UNITED STATES CHIEF DISTRICT JUDGE